## Supreme Court,—General Term.—First Department.

*May,* 1887.

## PEOPLE v. SAVAGE.

### FORGERY—PLEADING.

If the paper set forth in the indictment and of which the forgery is predicated, does not, either upon its face, or by the averment of extrinsic facts, affirmatively appear to be an instrument which, if genuine, would be operative, the indictment is bad, as failing to state facts sufficient to constitute a crime.

APPEAL by the defendant William N. Savage, from a judgment rendered in the Court of General Sessions of the Peace in and for the City and County of New York, upon the verdict of a jury convicting him of the crime of forgery in the second degree as charged in the indictment.

The indictment charged the forgery and uttering of a forged pawn-ticket as follows:

"The Grand Jury of the City and County of New York, by this indictment accuse William N. Savage of the crime of forgery in the second degree, committed as follows: The said William N. Savage, late of the City of New York, in the County of New York aforesaid, on the twenty-third day of October, in the year of our Lord one thousand eight hundred and eighty-six, with force and arms, at the city and county aforesaid, feloniously did forge and cause, and procure to be forged and willingly act and assist in the forging a certain instrument and writing, and evidence of contract of the kind commonly called pawn-tickets, which said forged pawn-ticket is as follows, that is to say:

'No. 17485,
J. HARRIS & SON,
245 Court street,
Near Baltic, Brooklyn
Sept. 6, 1886.
Diamond
Stud.'

' Jackson.'

' Good for one year.
Not accountable in case of fire, damage,
robbery, breakage or moth.'

with intent to defraud against the form of the statute in such
case made and provided, and against the peace of the
people of the State of New York and their dignity.

" Second Count:

" And the Grand Jury aforesaid by this indictment
further accuse the said William N. Savage of the crime of
forgery in the second degree committed as follows :

" The said William N. Savage, late of the City and
County aforesaid afterwards to wit : on the day and in the
year aforesaid at the City and County aforesaid having in
his possession a certain forged instrument and writing and
evidence of contract of the kind commonly called pawn-tick-
ets which said forged pawn-ticket is as follows, that is
to say :   .   .   .   .

" With force and arms and with intent to defraud, the said
forged pawn-ticket then and there did feloniously utter,
dispose of and put off as true, he, the said William N.
Savage then and there well knowing the same to be forged,
against the form of the statute in such case made and pro-
vided and against the peace of the State of New York and
their dignity."

Counsel for defendant moved in arrest of judgment, on
the ground that the facts stated in the indictment do not
constitute a crime.   His motion was denied.

*Abraham Suydam*, for the prisoner, appellant.

I. The indictment is clearly insufficient.   The pawn-ticket
set forth contains no words of contract.   Nothing is predi-
cated of any person or any thing.   It does not purport to be
the act of any person.   Nor does it purport to create, increase,
discharge, diminish or affect any pecuniary demand or obli-
gation or any rights or property.   It is a mere memorandum,—
an incomplete instrument.   And there are no averments in
the indictment to make it good.   *Cunningham* v. *People*, 4

Hun, 455 ; *People* v. *Harrison*, 8 Barb. 560 ; *People* v. *Shall,* 9 Cow., 778 ; *People* v. *Fadner*, 2 N. Y. Crim. Rep. 558.

II. No averment in the indictment, of extrinsic matters, would cure the defect. (*a.*) The definition of forgery by our statute (Pen. Code, § 511) is much narrower than the common law definition. At common law, a forgery may be of any writing. But by our statute, the writing must be or purport to be " the act of another," and it seems by § 513 that it must have a signature. (*b.*) The instrument in question belongs to a class of instruments in very general use, and known to the law as " tokens." Of this kind are bread tickets, milk tickets, tickets of admission to theatres and other places of public amusement, Such tokens are not complete legal instruments. Their purpose is to identify, by their possession the person who is entitled, by virtue of such possession, to certain rights, or property. A pawn ticket thus serves to identify the pledgor and the article pledged, when application is made for its redemption. To obtain property by a false token is defined and punished as larceny by § 528 of the Penal Code. (*c.*) A railway ticket of the character commonly used, is a token of this kind. Such tickets ordinarily contain certain words and figures expressing in brief that the holder is entitled to a passage between certain points, but do not generally contain a complete contract. Such a ticket certainly is an instrument of as high character in law as a pawn-ticket. Postage and revenue stamps furnish another illustration of papers which, by law and usage, serve as evidence of contract, but are not complete contracts upon their face. But by §§ 516 and 517 of the Penal Code, the forgery of railway tickets and postage and revenue stamps is made forgery in the *third* degree. Any train of reasoning by which the general definition of § 511 can be made to include a pawn-ticket, would also make the same definition include a railway ticket and a postage stamp. But since the Legislature has seen fit specially to provide for the case of railway tickets and postage stamps, and has defined the false making of them to be forgery in the *third* degree, it seems to follow that they

did not intend the general clause in § 511 to cover the case of railway tickets and stamps. And by parity of reasoning, it follows that they did not intend that general clause to include the numerous other tokens which are in common use, which are not complete instruments and which derive all their validity from custom and usage. The use of false tokens of this character for the purpose of fraud is otherwise punished. (*d.*) By our statute of frauds "every agreement that by its terms is not to be performed within one year from the making thereof shall be void, unless such agreement, or some memorandum thereof be in writing, and *subscribed by the party to be charged therewith.*" This pawn-ticket seems to come within the statute. Upon its face it is "good for one year," that is, the contract of which it is a memorandum, is not to be performed *within* one year. It therefore requires a signature, and there is nothing upon it which purports to be a signature. It is therefore void by statute.

*Randolph B. Martine*, district attorney, and *McKenzie Semple* (assistant), for the people, respondent.

PER CURIAM :—It is conceded upon the argument of this appeal by the learned district attorney, that the motion in arrest of judgment should have been granted.

We have no reason to differ from that view upon an examination of the case, and the judgment should therefore be reversed and the prisoner be discharged in this case.

VAN BRUNT, P. J., BRADY and DANIELS, JJ., sitting.

NOTE. The offense of defendant would seem to have been larceny, not forgery.